## SUPREME COURT.

WEARE C. LITTLE *et al* agt. JAMES COYLE *et al.*

*Sheriff's fees — Code of Civil Procedure, section* 3307, *subdivision* 4 — *How
much sheriff entitled to as term fees.*

Under subdivision 4 of section 3307 of the Code of Civil Procedure the
sheriff is entitled to three term fees after that Code took effect, although
he had previously received three term fees.

*Albany Circuit and Special Term, October,* 1880.

*Mr. Eugene Burlingame* moved to put this cause on the
calendar, which the clerk, in making up, had refused to do,
because the fee specified in subdivision 4 of section 3307 of
the Code of Civil Procedure, which took effect September 1,
1880, was not paid to the clerk.

*Mr. Burlingame* showed, by affidavit, that before Septem-
1, 1880, the sheriff had been paid more than one dollar and
fifty cents calendar fees in this action.

*Nathaniel C. Moak* appeared for James A. Houck, the
sheriff.

Little *et al.* agt. Coyle *et al.*

Osborn, *J.*— The section has reference to the fees of sheriffs, and amends in important particulars the fees previously allowed.

Subdivision 4, which has reference to the question presented on this motion, reads as follows:

"For notifying jurors to attend a trial term of a court of record, fifty cents for each cause placed on the trial calendar for a trial by jury, to be paid by the party first putting the cause on the calendar for that term."

"But the sheriff is not entitled to more than one dollar and fifty cents for calendar fees in an action."

"The clerk shall not put a cause on the calendar for trial by a jury until the fee specified in this subdivision is paid to him, for the use of the sheriff."

This is all the subdivision necessary to be quoted to determine the motion.

The question presented is one of embarrassment, and has given me considerable difficulty. What construction shall be placed on the language employed? What was the intent of its framers? I have not been referred by counsel, nor have I been able to find any adjudicated case to give me any particular aid in arriving at a correct determination of this difficulty. But it will be found, I apprehend, to be one of the very many vexatious questions that will necessarily arise from such a radical change as the new Code has made. As a word or two interpolated into this subdivision would have made its meaning entirely clear, I can see no excuse why the framer thereof should leave its construction at all difficult.

Prior to this the provision made for the sheriff by statute, for the same service, was as follows:

"For summoning a jury to attend any court, fifty cents for each cause noticed for trial at such court and placed on the calendar thereof for trial."

Under this statute no matter how many times the cause was noticed for trial and on the calendar, on each occasion the sheriff was entitled to charge fifty cents. There was no limi-

tation as to the number of times, or the amount to be received by the sheriff in the aggregate. Doubtless it often occurred in counties where the calendars were large, that a jury cause would be noticed and on the calendar ten, fifteen, possibly twenty times. No matter what the number might be ; on each occasion the sheriff was entitled to fifty cents.

The object then of this subdivision is obviously to limit the sheriff's calendar fees to one dollar and fifty cents, and the provision of payment to the clerk for the use of the sheriff, was for the sheriff's protection. Indeed this is the object expressed by the revisers in their notes upon this subdivision.

Nor shall this subdivision apply to or have any reference to actions commenced prior to September 1, 1880, and in which calendar fees to the sheriff had already been paid to the full amount fixed by this limitation, nor shall it be construed as if it read, " But the sheriff shall not be entitled to more than one dollar and fifty cents for services hereafter rendered for notifying jurors, &c., in one action." I incline to the opinion that it must be construed as having a prospective effect only. That is, after September 1, 1880, the clerk must exact for the sheriff the sum of fifty cents from the party first putting or asking a jury case to be placed upon the calendar, and so on at each term thereafter that such cause is placed on the calendar until the sum of one dollar and fifty cents is paid.

For such services by the sheriff, rendered prior to September 1, 1880, the law gave him fifty cents for every jury case placed on the calendar. He was entitled to demand and recover that sum whenever and as often as such service was rendered, from the party liable therefor ; and this without any limitation as to the number of times. But now that the original statute is amended, he cannot, after such amendment takes effect, demand or receive in any one action more than the sum of one dollar and fifty cents, no matter how many times he may be called upon to summon jurors before the cause is reached or disposed of. This is in harmony with the general rule that statutes are not to have a retroactive effect. A different construction

Baker agt. Van Epps.

would be attended with great difficulties. Take the case in which this motion is made. The attorney desires his cause on the calendar. When the clerk exacts the fee for the sheriff, the attorney says "I have already paid one dollar and fifty cents and perhaps more to the sheriff in this action." How can the clerk know whether this be so or not? Must he rely on the statement of counsel? If not, what proof must be furnished him? The construction I have given avoids this confusion and difficulty. The clerk will now be obliged to keep a record of each payment in each action and will at all times show, or should when the sheriff has received, or the clerk for him, all that he, the sheriff, is entitled to.

As I have stated, the question is one of difficulty, unnecessarily made so, as the change of a few words or the addition of a few words would have left no ground for any difference of opinion as to what was intended. As it is, we must construe it as best we can.

For the reasons thus hurriedly expressed, but not without giving to the question considerable reflection, I think the action of the clerk right, and the motion must be denied, but without costs.